UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:                                                    Case No. 09-57040-wsd

MILLER PARK TOWNHOME                                      Chapter 11
CONDOMINIUMS, LLC,
                                                          Hon. Walter Shapero
            Debtor.

_____/

## OPINION DENYING MOTION TO DISMISS FILED BY INTERESTED PARTY MARK A. CANVASSER [Docket No. 27]

Before the Court is a Motion to Dismiss this chapter 11 case, the case having been filed on behalf of the Debtor by a receiver appointed by a state court. The Receiver was appointed in orders emanating from proceedings initiated by the first mortgagee of the Debtor's principal asset seeking a judicial foreclosure and, incident thereto, appointment of a receiver. Movants, who are members of the Debtor, argue that whatever power or authority the Receiver has under the appointing orders, such does not include the authority to have filed the voluntary bankruptcy petition in this case.

The enumeration and parameters of the Receiver's authority derive from those appointing orders. In this case there are two such orders: (1) the first is that dated February 13, 2008 which is a comprehensive order giving the Receiver broad powers including the power of sale, with Court approval, and with reference to such powers "to act on behalf of and in the name of Defendant Miller Park, as the Receiver shall deem appropriate…" (2) the second is that dated February 25, 2009, entitled "Order Regarding Motion of Court Appointed Receiver, Scott A Eisenberg, for Authority to Enter into Agency and Marketing Listing Agreement and for Authority to Conduct Auction Sales in Accordance with Such Agency and Marketing Listing Agreement Or in the Alternative Authorize a Court Appointed Receiver to Place Miller Park Townhome Condominiums, L.L.C. into a Chapter 11 Bankruptcy." The decretal part of the latter order states:

It is hereby ordered the Order Appointing Receiver for Defendant Miller

> Park Townhome Condominiums, L.L.C. dated February 13, 2008, is modified to authorize the Receiver to place Miller Park Townhome Condominiums L.L.C. into a Chapter 11 bankruptcy proceeding, and to take all steps necessary to effectuate the filing of a Chapter 11 proceeding.

Based on the language of these orders, and the second one in particular, there can be little doubt that the Receiver by virtue thereof had the authority to file the chapter 11 petition for this debtor entity. What precious little doubt might be conjured up to the contrary is belied by the transcripts of the two state court proceedings leading up to the entry of the February 25, 2009 order. They recount specific arguments and discussions about the authority issue here raised as well as the conclusion of that court embodied in that latter order disagreeing with the very same arguments repeated here by Movants. Those transcripts thus reinforce (if any reinforcement is needed) the only reasonable and obvious interpretation of the language of the last appointing order, to wit: the Receiver was clearly given and intended to be given the authority to file the chapter 11 petition.

Movants essentially argue that even if the state court receiver appointive orders might have allowed the Receiver to sign and file the chapter 11 petition, authority to do that should be distinguished from supplanting the members of Debtor (or whomever would otherwise be legally responsible for its governance) from acting as such subsequently. Such a distinction, as noted, is incompatible with the language and apparent intent of those orders. In this Court's view, the language "and take all steps necessary to effectuate the filing" in the February 25, 2009 order means more than just the filing the actual papers initiating the commencement of a chapter 11 case. It also means following through after the filing to complete the administration of the case in accordance with applicable law. It is worth noting that in exercising the authority given him and by filing this chapter 11 case( and unless and until an order is entered by this Court which dictates otherwise) the Receiver is now obligated to in essence act in the place and stead of the members of the Debtor and those responsible for its governance and to perform the duties and responsibilities that such have under the provisions of the Bankruptcy Code and other applicable law. Among such are that in conducting the affairs of the debtor and administering the property of the estate he must take into account, and act in the best interests of, *all* of the creditors and other interested parties,

including the members of the Debtor where appropriate, not just the interests of the mortgagee whose actions occasioned his appointment in the first place.

      The Motion to Dismiss this case on the grounds asserted is therefore denied. An order to that effect is being entered concurrently.

.

**Signed on November 05, 2009**

                                                     **___ __/s/ Walter Shapero_    ___**
                                                     **Walter Shapero**
                                                     **United States Bankruptcy Judge**